# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA ex rel. KRISTI HARRISON and LINDA BROWN, | CASE NO.  2:20−cv−11218−AH(Ex) |
| Relators, | **JUDGMENT  [JS-6]** |
| vs. | Assigned to Hon. Anne Hwang |
| VALLEY'S BEST HOSPICE, INC., REGAL MEDICAL GROUP INC., LAKESIDE MEDICAL GROUP INC., LAKESIDE COMMUNITY HEALTHCARE, and HERITAGE PROVIDER NETWORK, INC., | |
| Defendants. | |

1

JUDGMENT

This action came before the Court for resolution of all claims.

On July 10, 2025, the Court entered an order (ECF No. 143) dismissing with prejudice Count 7 of Relators' Third Amended Complaint ("TAC") (ECF No. 77) as against all Defendants.

On September 3, 2025, the Court entered an order (ECF No. 173) granting partial summary judgment in favor of Defendants on Counts 1-6 and 9 of the TAC. The Court's order also states that it granted Defendants' Motion as to Relators' claims against Defendants Regal Medical Group, Inc. ("Regal"), Heritage Provider Network, Inc. ("Heritage"), and Lakeside Medical Organization, a Medical Group, Inc.'s ("Lakeside") (together, "Non-Hospice Defendants").

On March 11, 2026, pursuant to a confidential settlement agreement, Relator Linda Brown and Defendant Valley's Best Hospice, Inc. stipulated and the Court ordered as follows: "IT IS HEREBY ORDERED that Plaintiff Linda Brown's Retaliation Claim, Count 8 of the Third Amended Complaint (ECF No. 77), against Defendant Valley's Best Hospice, Inc., is dismissed with prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2) while the Court retains jurisdiction to enforce the terms and conditions of the parties' Confidential Settlement and Release Agreement ("Settlement Agreement"). Each party is to pay their own respective attorneys' fees and costs except as stated in the Settlement Agreement." (ECF No. 215.)

It is **hereby ORDERED AND ADJUDGED** that:

1.      Judgment is entered in favor of all Defendants, and against Relators, on Counts 1 through 7 and 9 (all *qui tam* claims), with prejudice.

2.      Judgment is entered in favor of the Non-Hospice Defendants, and against Relators, on Relators' claims against the Non-Hospice Defendants, with prejudice.

3.      Judgment of dismissal with prejudice is entered on Relator Brown's retaliation claim (Count 8) against Defendant Valley's Best Hospice, Inc. in

accordance with the terms of the Court's Order dated March 11, 2026 (ECF No. 215).

4.     This document constitutes a final judgment and separate document pursuant to Federal Rule of Civil Procedure 58(a).

5.     The Court retains jurisdiction to enforce the terms of the Settlement Agreement.  (ECF No. 215.)

6.     All dates and deadlines are vacated.  The Clerk is directed to enter this Judgment.

**IT IS SO ORDERED AND ADJUDGED.**

DATED:  MARCH 30, 2026

_____
Hon. Anne Hwang
United States District Judge

JUDGMENT